**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4395**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DAMASIO ARREOLA, a/k/a Damasco, a/k/a Ramazon,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:08-cr-00590-CMC-2)

Submitted: October 18, 2011      Decided: October 20, 2011

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Christopher Mills, J. CHRISTOPHER MILLS, LLC, Columbia, South Carolina, for Appellant. Mark C. Moore, Stanley Duane Ragsdale, Assistant United States Attorneys, James Chris Leventis, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damasio Arreola pled guilty to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(D), 846 (2006). He received the statutorily-mandated minimum of 120 months' imprisonment. On appeal, Arreola's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating his opinion that there are no meritorious issues for appeal, but questioning whether the district court erred in finding that Arreola did not meet the requirements for the safety valve reduction. Arreola has filed a pro se supplemental brief alleging counsel was ineffective in failing to move for a continuance at sentencing based on Arreola's willingness to be interviewed by the Government. The Government has declined to file a responsive brief. We affirm.

A district court's determination of whether a defendant has satisfied the safety valve criteria is a question of fact reviewed for clear error. United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997). This deferential standard of review permits reversal only if this court is "'left with the definite and firm conviction that a mistake has been committed.'" United States v. Stevenson, 396 F.3d 538, 542 (4th

2

Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

To qualify for the safety valve provision, the defendant must establish the existence of five prerequisites. 18 U.S.C. § 3553(f) (2006); U.S. Sentencing Guidelines Manual § 5C1.2 (2008). The burden is on the defendant to prove that all five safety valve requirements have been met. United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996). Our review of the record leads us to conclude that the district court's finding that Arreola did not qualify for the safety valve provision because he did not fully cooperate with the Government is not clearly erroneous.

To the extent Arreola claims in his pro se brief that counsel was ineffective at sentencing for failing to request a continuance based on Arreola's willingness to be interviewed, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion. United States v.. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). We have reviewed the transcript of Arreola's

sentencing hearing and conclude that Arreola has failed to meet the demanding burden of showing ineffective assistance of counsel on direct appeal. Accordingly, we reject this claim.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Arreola, in writing, of the right to petition the Supreme Court of the United States for further review. If Arreola requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Arreola. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED